UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENISE MARIE THOMAS,<br><br>            Plaintiff,<br><br>    vs.<br><br>UNITED STATES,<br><br>            Defendant. | NO.  CV-10-0073-LRS<br><br>ORDER OF DISMISSAL |

The *pro se* plaintiff, Denise Marie Thomas, filed this *pro se* complaint on March 22, 2010 (Ct. Rec. 1).  Plaintiff's request for *in forma pauperis* was denied on March 23, 2010 (Ct. Rec. 3).  Plaintiff filed an identical complaint on April 1, 2010 (Ct. Rec. 6).  On May 7, 2010, the Court screened Plaintiff's Complaint for legal and factual sufficiency. In conducting this review, Plaintiff's *pro se* pleadings were liberally construed and given the benefit of any doubt as required. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

The Complaint fails to comply with Federal Rule of Civil Procedure 8(a).  Fed.R.Civ.P. 8(a) requires a complaint to contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing the pleader is entitled to relief, and a demand for judgment for the relief the pleader

ORDER OF DISMISSAL - 1

seeks. Rule 8(e)(1) requires averment of a pleading be simple, concise and direct.

The Complaint seeks monetary relief (2 million dollars for non-economic damages and 18 million dollars for punitive damages) from a defendant who is immune from such relief. A complaint should be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it has no arguable basis in fact or law. *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir.1990) (internal quotation marks and citation omitted). Plaintiff does not plead sufficient facts which would suggest a basis for jurisdiction in this court.

As part of her suit, Plaintiff seeks an award of monetary damages from the United States based on civil rights allegations, illegal eavesdropping/wiretapping allegations and local law enforcement encounters allegedly based on "criminal harassment and racial profiling." At this juncture, however, it appears her claims against this defendant are barred by the doctrine of sovereign immunity and that her complaint fails to state a claim against the United States upon which relief can be granted. The federal government and its agencies are immune from suit absent a waiver of sovereign immunity. *See e.g., FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction") (citation omitted); *Keesee v. Orr*, 816 F.2d 545, 547 (10th Cir.1987); *Portsmouth Redevelopment & Hous. Auth. v. Pierce*, 706

ORDER OF DISMISSAL - 2

F.2d 471, 473-74 (4th Cir.1983). The doctrine of sovereign immunity ordinarily bars direct constitutional actions against federal agencies as well as constitutional tort actions against federal agencies. *See Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics* , 403 U.S. 388 (1999)).

Plaintiff also lists several state law claims in her Complaint This Court has no jurisdiction over state law claims in the absence of proper federal jurisdiction. Further, Plaintiff lists § 1983 as another statute supporting her claims. "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir.2006) (*quoting Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989)). No state actors are named as defendants.

Plaintiff also lists the Federal Tort Claims Act ("FTCA")as another statute supporting her claims. A claim is actionable under 28 U.S.C. § 1346(b) if it alleges all six elements required by the FTCA and the suit is filed after proper administrative notice. Plaintiff has not sufficiently stated a factually cognizable claim for relief against the United States under the FTCA. The Court hereby dismisses Plaintiff's action without prejudice.

**IT IS HEREBY ORDERED**: Plaintiff's Complaint is **DISMISSED** without prejudice.

///

///

ORDER OF DISMISSAL - 3

Case 2:10-cv-00073-LRS    Document 8    Filed 05/10/10

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, judgment and forward a copy to plaintiff.

**DATED** this   10th  day of May, 2010.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER OF DISMISSAL – 4